# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| RITA JOVES, | DOCKET NUMBER |
| Appellant, | SF-0752-12-0654-B-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: February 13, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guillermo Mojarro, Upland, California, for the appellant.

Catherine V. Meek, Jason D. Marsh, Esquire, and Rebecca Simon-Pearson, Long Beach, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the remand initial decision, which dismissed her restoration appeal for lack of jurisdiction after a hearing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant was a non-preference-eligible Mail Processing Clerk for the agency. Initial Appeal File (IAF), Tab 4 at 20. On June 5, 2012, the agency issued a decision to remove her effective June 15, 2012, for inability to perform the essential functions of her position. *Id*. at 8. The agency noted that the appellant had suffered multiple injuries and had been on the periodic rolls of the Office of Workers' Compensation Programs for more than 1 year. *Id*.

¶3      On July 15, 2012, the appellant filed a Board appeal challenging an alleged denial of restoration and requesting a hearing. IAF, Tab 1 at 3-4. Specifically, she alleged that she requested restoration on or about June 20, 2012, and that the agency disregarded her request and failed to look for work. IAF, Tab 9 at 1. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant's allegations were not sufficiently specific. IAF, Tab 21, Initial Decision at 1, 7-8, 10. The appellant filed a petition for review, which the Board granted, finding that her allegations were sufficiently specific to constitute nonfrivolous allegations of Board jurisdiction,

and remanding the appeal for a jurisdictional hearing.[2]  Petition for Review (PFR) File, Tab 3, Tab 9, Remand Order at 1, 4-7.

¶4          After further development of the record on remand, including a jurisdictional hearing, the administrative judge again dismissed the appeal for lack of jurisdiction.  Remand Appeal File (RAF), Tab 39, Remand Initial Decision (RID) at 2, 25.  Specifically, the appellant alleged that she requested restoration by telephone on June 13 and 14, 2012, and by letter via her union representative on June 20, 2012.  RAF, Tab 26 at 6-7.  The administrative judge found, however, that the appellant's telephone calls did not put the agency on sufficient notice that she was requesting restoration to duty rather than contesting the agency's recent removal decision, and that the appellant's union representative did not actually send the alleged June 20, 2012 letter.  RID at 17-24.  Thus, the appellant failed to show that the agency arbitrarily and capriciously denied a request for restoration.  RID at 24-25.

¶5          The appellant has filed a petition for review of the remand initial decision, arguing that the record shows that she did request restoration on or about June 20, 2012, and that the agency committed disability discrimination by failing to accommodate her after that date.  Remand Petition for Review (RPFR) File, Tab 1 at 4-11.  The agency has filed a response in opposition.  RPFR File, Tab 4.

¶6          To establish Board jurisdiction over a restoration appeal under 5 C.F.R. § 353.304(c), an appellant must prove by preponderant evidence that: (1) she was absent from her position due to a compensable injury; (2) she recovered sufficiently to return to duty on a part-time basis, or to return to work in a position with less demanding physical requirements than those previously required of her; (3) the agency denied her request for restoration; and (4) the agency's denial was arbitrary and capricious.  *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham v. U.S. Postal*

_____

[2]  During the pendency of the appeal, on April 22, 2013, the agency restored the appellant to duty.  Remand Appeal File, Tab 24 at 91.

*Service*, 117 M.S.P.R. 400, ¶ 10 (2012).  If the appellant was not in duty status during the relevant time period, the Board requires her to show as part of the third jurisdictional element that she affirmatively requested restoration.  *See Delalat v. Department of the Air Force*, 103 M.S.P.R. 448, ¶ 17 (2006).

¶7    We find that the first two jurisdictional elements are satisfied.  Specifically, it appears to be undisputed that the appellant was absent from her position because of a compensable injury, IAF, Tab 1 at 14, and that she recovered sufficiently to return to duty with less demanding physical requirements, IAF, Tab 15 at 9.  Therefore, the remaining questions are whether the appellant proved the third and fourth jurisdictional elements, i.e., that the agency denied her request for restoration and that the denial was arbitrary and capricious.   The administrative judge found that the appellant did not prove these elements, RID at 24-25, and for the reasons set forth below, we find that the appellant has not provided a sufficient basis for us to disturb the administrative judge's findings.

¶8    The appellant argues that the administrative judge failed to consider all of the evidence in this appeal.  RPFR File, Tab 1 at 4-5.  However, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  In any event, the appellant has not identified any particular evidence that the administrative judge may have overlooked that might affect the outcome of this appeal.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis to reverse an initial decision).

¶9    Regarding her alleged request for restoration by telephone, the appellant asserts that she "clearly testified" that she requested restoration by telephone, and that only she has personal knowledge of her reasons for calling the agency on June 13 and 14, 2012.  PFR File, Tab 1 at 5-6; Hearing Compact Disc (HCD) (testimony of the appellant).  She argues that she submitted telephone records

showing that she called the Senior Plant Manager's office on June 13 and 14, 2012, as alleged, and that the Senior Plant Manager's secretary testified that she took the appellant's messages regarding her restoration request and conveyed them to the Senior Plant Manager himself. PFR File, Tab 5 at 5-7; RAF, Tab 3 at 4; HCD (testimony of the Senior Plant Manager's secretary).

¶10    It appears to be undisputed that the appellant called the Senior Plant Manager's office on June 13 and 14, 2012, and spoke with his secretary. However, what transpired during those conversations is in dispute. We find that the appellant mischaracterizes the secretary's testimony on this matter: she never testified that the appellant called her concerning a restoration to duty request. In fact, she testified that she had no recollection whatsoever of these conversations. HCD (testimony of the Senior Plant Manager's secretary). Although the appellant herself testified that these telephone calls concerned a request for restoration, HCD (testimony of the appellant), other evidence tends to show that they did not. Specifically, the Senior Plant Manager testified that the message his secretary conveyed to him pertained to the removal action rather than to a restoration request. HCD (testimony of the Senior Plant Manager). The secretary's contemporaneous notes of these telephone calls also tend to show that they pertained to the removal action rather than to a restoration request. RAF, Tab 24 at 88, 99; HCD (testimony of the Senior Plant Manager's secretary). The appellant's petition for review ignores this conflicting evidence and identifies no error in how the administrative judge weighed the evidence in arriving at his conclusion. ID at 17-19. Thus, the appellant's argument appears to constitute mere disagreement with the administrative judge's findings and credibility determinations, and does not provide a basis for granting the petition for review. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133-34 (1980). This is especially so because the evidence at issue was adduced at a hearing. The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of

witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so, *id.*, and we discern no such reasons here.

¶11     To the extent that the appellant is arguing that the intent of her telephone calls is the dispositive issue, RPFR File at 5, we disagree. The administrative judge considered that the appellant might have subjectively intended her telephone calls to constitute a restoration request, but he found that, even so, the preponderance of the evidence showed that the appellant failed to convey her request with sufficient clarity to put the agency on notice that she was requesting restoration rather than simply challenging her removal. RID at 19. We agree. *Cf. Traylor v. Environmental Protection Agency*, EEOC DOC 01A14117, 2003 WL 22763229 *7 (Nov. 6, 2003) (while a request for reasonable accommodation may be in layman's terms, it must be sufficient to place the agency on notice that employee requires an adjustment at work for a reason related to a medical condition). Furthermore, we find that the appellant's challenge to her removal for medical reasons did not automatically equate to a restoration to duty request under 5 C.F.R. Part 353, Subpart C because she was in a non-duty status at the time of her removal. The agency's obligation under 5 C.F.R. § 353.301(d) is to make every effort to restore the appellant to duty—not to restore her to the employment rolls in a non-duty status. In other words, the appellant may have clearly expressed her desire to remain on the employment rolls, but she did not clearly express her desire to return to duty. This finding is supported by the Senior Plant Manager's secretary's notes, which show that the secretary gathered from the telephone conversations that the appellant was attempting to contest the removal. RAF, Tab 24 at 88, 99.

¶12     The appellant also argues that, in response to her June 13 and 14, 2012 telephone calls, the Senior Plant Manager, through his secretary, advised the appellant to contact an equal employment opportunity (EEO) and alternative

dispute resolution (ADR) specialist. RPFR File, Tab 1 at 7-9; RAF, Tab 24 at 99. She argues that this proves that the Senior Plant Manager was aware of her desire to return to work. RPFR File, Tab 1 at 7-9. We disagree. First, we note that the appellant again mischaracterizes the testimony in this case. The Senior Plant Manager and his secretary both testified that the advice to contact the EEO and ADR specialist came from the secretary herself—not from the Senior Plant Manager. HCD (testimony of the Senior Plant Manager and the Senior Plant Manager's secretary). Second, as the administrative judge explained, this advice to contact the EEO and ADR specialist was consistent with the instructions on the removal decision letter. IAF, Tab 4 at 9; RID at 17. Therefore, it appears that this guidance pertained to the removal action, and not to a restoration request.

¶13 Regarding her alleged June 20, 2012 written request for restoration, the appellant argues that the Senior Plant Manager "clearly stated that he did receive" that request. RPFR File, Tab 1 at 8. We disagree. The Senior Plant Manager testified that he received one of the written restoration requests dated July 17, 2012, or August 22, 2012, RAF, Tab 26 at 20-21; HCD (testimony of the Senior Plant Manager), but as the Board previously explained, these restoration requests are outside the scope of the instant proceedings, Remand Order at 6-7. The Senior Plant Manager testified that he did not receive the alleged June 20, 2012 written restoration request, and for the reasons explained in the thorough and well-reasoned remand initial decision, we agree with the administrative judge that the appellant did not make a written restoration request on that date. RID at 19-24. This is especially so because the administrative judge drew his conclusions based, in part, on explicit demeanor-based credibility determinations. RID at 23-24; *see Haebe*, 288 F.3d at 1301.

¶14 The appellant also argues that the administrative judge committed an "error of law" by writing in the remand initial decision that "the appellant testified that she did not request restoration until June 2012" and then proceeding to find that the appellant did not make a restoration request. RPFR File, Tab 1 at 6; RID at

19. We see no contradiction here. The administrative judge merely acknowledged the appellant's testimony before finding that she did not, in fact, make a restoration request during the relevant time period.

¶15    The appellant further argues that the remand initial decision is wrong because "the Full Board has already determined [in its Remand Order] that the Appellant's [sic] requested her Plant Manager to restore her on or about June 20, 2012, and that the Plant Manger never acted on the request." RPFR File, Tab 1 at 11. The appellant mischaracterizes the Board's order. The Board did not determine that the appellant made the alleged restoration requests; it found that the appellant made a nonfrivolous allegation that she made a restoration request, and it remanded the appeal for the administrative judge to determine whether the appellant could prove the matter by preponderant evidence. Remand Order at 6-7; *see Latham*, 117 M.S.P.R. 400, ¶ 10 (jurisdiction over a restoration appeal under 5 C.F.R. § 353.304(c) is established by preponderant evidence, and not by nonfrivolous allegations). The Board's finding that the appellant made nonfrivolous allegations on these issues did not preclude the administrative judge's findings that she failed to prove her allegations by preponderant evidence.

¶16    Citing *Gerdes v. Department of the Treasury*, 89 M.S.P.R. 500 (2001), the appellant argues that the administrative judge imposed more formal requirements for a restoration request than are permitted by law, and denied her the right to request restoration by telephone or through a third party. RPFR File, Tab 1 at 11. We disagree. The administrative judge did not dismiss the appeal based on the form of the appellant's restoration request. Rather, he dismissed it based on the appellant's failure to make a restoration request in any form during the relevant time period. RID at 24.

¶17    Finally, the appellant argues that the agency is in violation of the Rehabilitation Act because its interactive process was deficient. RPFR File, Tab 1 at 9-10. Specifically, she argues that the agency's District Reasonable Accommodation Committee (DRAC) is unable to offer any work to disabled

employees, but is only able to offer "recommendations." *Id*. The appellant requests that the Board order the agency to revise its DRAC program. *Id*. at 10. The appellant's request is beyond the scope of this appeal. Because the agency did not deny any request for restoration by the appellant during the relevant time period, we do not reach the issue of whether any such denial was arbitrary and capricious because of a Rehabilitation Act violation or for any other reason. The Office of Personnel Management's restoration regulations authorize us only to determine whether an agency is acting arbitrarily and capriciously in denying restoration. 5 C.F.R. § 353.304(c). In the absence of a denial of restoration, there is no basis for the Board to pass on the legal adequacy of the agency's DRAC program in general or as applied to the appellant's case.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.